NOT FOR PUBLICATION (Doc. No. 5)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ALEXIS VEGA, | : |
| Plaintiff, | : |
| | : Civil No. 16-7594 (RBK/JS) |
| v. | : |
| | : **OPINION** |
| CVS, et al., | : |
| | : |
| Defendants. | : |

**KUGLER**, United States District Judge:

This matter comes before the Court on Defendants CVS, CVS Pharmacy, Inc., and CVS Caremark Corp. (collectively, "Defendants")'s Motion to Stay or to Dismiss and to Compel Arbitration (Doc. No. 5). For the reasons stated below, Defendants' motion is **GRANTED**.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

Plaintiff brings claims against Defendants for violating the New Jersey Law Against Discrimination and for intentional infliction of emotional distress. These claims arise from her employment at the 3004 Mt. Ephraim Avenue CVS location. Compl. ¶ 9 (Doc. No. 1-1). Plaintiff's manager, Darnell Broxton, allegedly touched Plaintiff in an inappropriate manner. *Id.* Plaintiff specifically alleges that Broxton would "pat [her] down" before leaving work and would make sexually inappropriate comments. *Id.* Plaintiff reported the harassment, but supervisors and the district manager did not take action to separate Plaintiff and Broxton. *Id.* ¶ 10. Due to

---

1. On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "accept all factual allegations as true and construe the complaint in the light most favorable to the Plaintiff." *Phillips v. Cty. Of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). Accordingly, for purposes of this motion, the Court adopts and accepts as true the facts as pled in the Complaint.

Defendants' alleged failure to act, Plaintiff was subjected to constant, severe, and pervasive harassment that interfered with her employment. *Id.* ¶¶ 11-13. Plaintiff was terminated on or about October 9, 2015 by Darnell Broxton after she reported the alleged harassment. *Id.* ¶¶ 8, 10-14. Plaintiff alleges that her harasser was able to terminate her due to Defendants' discriminatory policies. *Id.* ¶ 14.

Plaintiff filed a complaint in New Jersey Superior Court in Camden County on August 24, 2016. Compl. Defendants removed the case to this court on October 20, 2016. Defendants then filed the instant motion to stay or dismiss and to compel arbitration on November 9, 2016.

## II. DISCUSSION AND ANALYSIS

The Federal Arbitration Act (the "Act") provides that agreements to arbitrate "in a contract evidencing a transaction involving commerce ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (2012). This provision illustrates a "liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Under the Act, if one party to a valid arbitration agreement refuses to submit her claims as provided for under the agreement, the aggrieved party may seek an order in United States district court seeking to compel arbitration. 9 U.S.C. § 4. Upon determining that a binding agreement exists between the parties, the district court is obliged to direct the parties to proceed to arbitration. *Id.*

Determining whether an arbitration agreement is enforceable generally requires application of state law contract principles. *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Where, as here, the agreement was formed in New Jersey and both parties appear to agree that New Jersey law should apply, the Court begins its analysis by acknowledging that the

state's courts have "recognized arbitration as a favored method for resolving disputes." *Garfinkel v. Morristown Obstretics & Gynecology Assocs.*, 168 N.J. 124, 773 A.2d 665, 670 (N.J. 2001). Similarly, the legislature has codified its endorsement of the arbitration mechanism. *Martindale v. Sandvik, Inc.*, 800 A.2d 872, 877 (N.J. 2002) (citing N.J.S.A. 2A:24–1 *et seq.*). Accordingly, it is well settled in New Jersey that parties to a valid arbitration agreement may waive statutory remedies in favor of arbitration, even in cases involving alleged discrimination under the NJLAD. *Garfinkel*, 773 A.2d at 670.

Under New Jersey law, to determine whether parties are bound to resolve a particular dispute through arbitration, the Court applies a two-step analysis. *Martindale*, 800 A.2d at 876, 881. First, the Court must consider whether a valid agreement exists between the parties. *Id.* at 876. Second, it must determine whether the particular claim asserted falls within the scope of the arbitration agreement. *Id.* at 881.

Plaintiff has not responded to the instant motion, and thus, there is no dispute that the parties entered into a valid agreement. On the one hand, the Court is mindful that "an agreement to arbitrate should be read liberally in favor of arbitration." *Garfinkel*, 773 A.2d at 670 (quoting *Marchak v. Claridge Commons, Inc.*, 134 N.J. 275, 633 A.2d 531 (N.J. 1993)). On the other hand, given the significance inhering in an agreement to waive one's right to judicial resolution of legal claims, a binding arbitration clause must state its purpose unequivocally. *See id.* That is, the party's waiver of her statutory rights to sue "must be clearly and unmistakably established, and contractual language alleged to constitute a waiver will not be read expansively. *Id.* (citing *Red Bank Reg'l Educ. Ass'n v. Red Bank Reg'l High Sch. Bd. of Educ.*, 393 A.2d 267, 267 (N.J. 1978)). In making this determination, the Court looks only to the four corners of the written

3

instrument to determine the intention of the parties. *Leodori v. CIGNA Corp.*, 814 A.2d 1098, 1104 (N.J. 2003).

In this case, there is no dispute that Plaintiff completed the training on CVS's Arbitration Policy on November 25, 2014. Goyette Decl. ¶ 11; Goyette Decl., Ex. D (Doc. No. 5-2). CVS's Arbitration Policy imposes a mutual obligation between employees and CVS to arbitrate any "Covered Claims." Goyette Decl., Ex. A. The Policy defines a "Covered Claim" as "any and all legal claims, disputes or controversies . . . that an Employee may have, now or in the future, against CVS Health, its parents, subsidiaries, successors or affiliates . . . ." *Id.* The Policy also states that "[e]mployees accept th[e] Policy by continuing their employment after becoming aware of the Policy." *Id.* The Arbitration Policy training that Plaintiff completed includes an acknowledgment page, which included instructions for opting out of the Arbitration Policy. Goyette Decl., Ex. C. Plaintiff could have opted out by mailing a written, signed, and dated letter opting out to CVS Health within 30 days of reading/accessing the Policy. *Id.*

Plaintiff alleges that she was a CVS employee in September 2015. Compl. ¶ 7. Therefore, Plaintiff continued her employment after completing the Arbitration Policy training and accepted the Policy. There is also nothing to suggest that Plaintiff opted out of the Policy in writing. The Court finds that the Arbitration Policy provides a "clear[] and unmistakabl[e]" waiver of statutory rights required under New Jersey law sufficient to create a binding arbitration agreement. *See Garfinkel*, 773 A.2d at 670. Thus, the Court holds that Plaintiff is bound to arbitrate her discrimination and intentional infliction of emotional distress claims in an arbitral, rather than a judicial, forum. For this reason, the Court will grant Defendants' motion to dismiss Plaintiff's Complaint and to compel arbitration. *See* 9 U.S.C. § 4.

### III.  CONCLUSION

For the reasons stated herein the Court holds that Plaintiff contracted with Defendants to resolve claims arising from her employment through a binding arbitration process. Therefore, she is barred from asserting these claims in the first instance before this or any other court. Further, because a valid arbitration agreement exists between these parties, the Court must order Plaintiff to submit to arbitration. *See* 9 U.S.C. § 4 (2012). Defendants' motion is **GRANTED**.


Dated:   04/05/2017                                              s/ Robert B. Kugler
                                                                 ROBERT B. KUGLER
                                                                 United States District Judge